Employees, or Whosoever Has Custody of ROSE PANTIEL, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ.

ANTON KOERBER, Respondent, v. JOSEPH F. RUTHERFORD and Another, Appellants.— Motion for stay granted on condition that appellants perfect the appeal for Friday, June sixth (for which day the case is set down) and be ready for argument when reached; otherwise, motion denied, with ten dollars costs. Motion to dismiss appeal from order denying reargument granted, without costs, and appeal dismissed, without costs. (*Kelmenson* v. *Boulevard Constr. Corp.*, 232 App. Div. 847, 848.) Present — Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ.

## THIRD DEPARTMENT, MAY, 1941.
### (May 7, 1941.)

MABEL L. CRANE, as Administratrix, etc., of ARTHUR MORTON CRANE, JR., Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 24038.) — Motion to prosecute appeal as a poor person on typewritten record and brief granted. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

FREDERICK W. DUSING and Others, Respondents, v. SAMUEL NUZZO and Others, Appellants.— Motion for a stay of the trial of this action pending the decision of this court of appeals taken from two orders. The action is brought for a judgment directing the election of new officers of Rock Drillers, etc., Local No. 17, and for an accounting by the acting officers as to money received as initiation fees and dues. Local No. 17 functions in connection with contracts already let and hereafter to be let in connection with the building of the additional water system for the city of New York. The assertion is that exorbitant fees have been extorted from those who seek employment on this project but do not account for the money. The action should be tried at the earliest available time. The orders appealed from are: (1) The defendants as acting officials of Local No. 17 are restrained from expelling the plaintiffs from the union or taking any proceedings which would change their status; (2) the records of Local No. 17 have been impounded, the order requiring that they be deposited with the county clerk of Ulster county, State of New York. Concerning this the plaintiff in the affidavit of its attorney states " in order to facilitate the speedy trial of this action, deponent has offered to stipulate with the attorney for the defendants to vacate the order impounding the records upon the condition that the case be tried at the present May term of court in Ulster County." The restraining order mentioned as (1) does not adversely affect the defendants. Motion for stay denied. Plaintiffs to be ready for trial at the Ulster County May Term. The denial of the application for stay is made upon the condition that the impounding order be vacated. Should the defendants seek delay and oppose the trial of the cause at the Ulster County May Term the impounding order is not vacated but continued in full force. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

In the Matter of the Application of KRAFT CHEESE COMPANY, INC., Petitioner, to Review a Determination Made by HOLTON V. NOYES, as Commissioner of Agriculture and Markets of the State of New York, Respondent.— Motion to dismiss appeal granted, unless appellant perfects appeal, files and serves record

and brief on or before August 16, 1941, and is ready for argument at the September Order and General Calendar Term of this court, commencing September 22, 1941, in which event the motion is denied. Stay vacated. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT LINK, Appellant.— Motion for leave to prosecute appeal as a poor person granted. Motion for an order directing the County of Sullivan to pay the necessary bills for printing record and points denied. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

JACK SIEGEL, Respondent, v. JOSEPH GROSS and Others, Defendants. ELIAS ARONSON, Appellant.— Motion for stay denied, with ten dollars costs. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

In the Matter of the Application of STATEN ISLAND MILK & CREAM Co., INC., Petitioner, to Review a Determination Made by HOLTON V. NOYES, as Commissioner of Agriculture & Markets, Respondent.— Motion to dismiss appeal granted, unless appellant perfects appeal, files and serves record and brief on or before August 16, 1941, and is ready for argument at the September Order and General Calendar Term of this court, commencing September 22, 1941, in which event the motion is denied. Stay vacated. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

EDNA OGDEN, as Administratrix, etc., of FRANK OGDEN, Deceased, Respondent, v. ARTHUR FURCHA, Appellant, and VERNE WALDEN and Another, Defendants.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

SEGLIN CONSTRUCTION COMPANY, INC., Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 23906.) — Claimant had a contract with the State for the erection of a number of buildings at the Brooklyn State Hospital, Creedmoor Division. After the work was completed claimant brought an action for breach of contract. The Court of Claims made a small award in its favor. The claim involves exterior brick work, interior brick work, extra work and delays in the execution of the contract. The court below found that the changes regarding the brick work were made without protest on claimant's part and in many instances it had consented to such changes. The court also found that the State was not responsible for the delay. The evidence sustains the findings. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Bliss, Heffernan. Schenck and Foster, JJ.

In the Matter of the Claim of BERNARD FINE, Respondent, against PIONEER SPORTSWEAR Co. and BANKERS INDEMNITY INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The employer and its insurance carrier have appealed from an award of the State Industrial Board in claimant's favor. The only question involved is whether claimant suffered an accidental injury on August 22, 1939. The employer was engaged in the sportswear business. Claimant was employed as a handy man. On the date in question he was directed to pick up a box of yarn weighing from seventy-five to 100 pounds. As he did so he testified that he felt something " rip " in his left side. He became dizzy and everything turned black. He collapsed and became unconscious at the time. He suffered severe pains across the upper abdomen, radiating toward the groin. After lifting the box he dropped it and began to scream. He was removed to the